

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

OAO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Delaware

### COMPLAINT

Dennis Shipman, *Pro Se*
Shipman Holdings LLC
     Plaintiff(s)

V.                              COMPLAINT        **10 - 1 3 0**

Sprint Nextel Corporation,
     Defendants.            CASE NUMBER:

Plaintiff(s) in the above-captioned action, allege(s) as follows:

### JURISDICTION

1. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant 28 U.S.C. §1332(a). The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 (a).

### PARTIES

2. Plaintiff: Dennis Shipman/Shipman Holdings LLC
   Address: 58 Grove Street - 2nd Floor
           Newburgh, New York 12550-4128
           Dennis@EastNYManagement.net

3. a. Defendant: Sprint Nextel Corporation
      Address:  6200 SPRINT PKWY
                OVERLAND PARK, KS 66251-6117

5/2005

1

## BACKGROUND

Plaintiff, pro se, Dennis Shipman doing business as ("D/B/A") Shipman Holdings Limited Liability Corporation (Delaware registered corporation) established a wireless telephone and data service account — i.e., #133105814 on or about September 2, 2006 with Sprint at 842 Tatnell Street, Wilmington, DE.

Since that time in spite of herculean efforts to manage this account effectively but carefully auditing expenditures associated with it, and taking affirmative measures to cap costs, Sprint continued to get caught red-handed intentionally overcharging plaintiff(s) account by *thousands* of dollars, and actually committing criminal fraud in the process.

One of the office -- i.e., Executive Services - ordinarily handling this sort of complaint has chosen inscrutably to close ranks with other Sprint divisions such as Finance. Moreover, we have dozens of electronic mail threads with respect to plaintiff(s) concerns.

Several representatives and supervisors in that division have flat out fabricated falsehoods with respect to their unethical positions.

Consequently, we just do not seem to be communicating effectively with Sprint divisions, or representatives, and feel as if they are piling on, being dishonest, unreasonable and unethical.

plaintiff(s) previous attorneys Feldman Kramer & Monaco sent out letters several weeks ago to Sprint Legal addressing these concerns. But its Finance division is still blaming us for having a huge pass due they are demanding payment, which is predicated

2

on expensive new equipment we purchased in either April or May of last year that they charged us the full face value of, or $599.00.

It is reminiscent of a similar problem we experienced earlier with the company after they promised and then reneged on an agreement to amortize to Mogul handsets purchased from a company store in or around August 2007 over the life of the new 2 year (because the Executive Service Analyst Jesus X. Murillo did not put it in writing)!

We have paid *thousands* of dollars in unjustified fees on this account, and we plaintiff(s) at the juncture where we have to cut plaintiff(s) loses, and meet Sprint in court.

Because plaintiff(s) has only withheld payment for 3 weeks in 2008 when Sprint tried to pressure plaintiff(s) into changing a business account to a personal one assigning personal liability to plaintiff(s), and trying to *pierce the corporate veil* because of a disgruntled employee who was claiming ownership of plaintiff(s) company. Why would we continue paying an account that Sprint Fraud claims may not in fact be ours? It is illogical, and to now blame us for failing to continue making payments why the issue was being disputed is outrageously unethical, and an end run around the ownership issue.

We have since at the advice of Feldman Kramer & Monaco been making regular weekly payments in the amount of $100, but have since stopped when Sprint was again caught red-handed attempting to inflate plaintiff(s) account but the very amount it claimed we were credited back in either June or July of 2009.

3

3

However, Sprint Finance has never broken down those charges by billing period, minute, and cost/item so that we can determine exactly what is accurate. There is no way possible to conduct an independent audit using commonly accepted accounting principals.

Moreover, it is important for us to have this information in order to manage the overruns on this account. Consequently, to say "we have reviewed all aspects of charges on the account" is a pretty dismissive and self-serving stance to take especially as the exact data upon which the "review" was predicated is absent altogether..

Furthermore, Shipman Holdings LLC also did an additional analysis on the account after receiving a FEDEX package this morning claiming that we now owe Sprint $1,841.80. However, plaintiff(s) past bill was only $674.

So, if you do the math as we have, and add the upgraded equipment charges to the entire past due of $674, we come up with $1,409.96. Subtract that amount from $1,841.80, and it leaves $431.84. How in the world does Sprint believe that we generated revolving charges that equal $431.84 in less than 30 days? Furthermore, on June 21, 2009, we received another bill from Sprint for $962. plaintiff(s) bill should only be $262. ($962-$600 (equipment) = $362 - $100 (credit) = $262.

Sprint has never proven that we owe these charges because they have failed to demonstrate that we were ever given a $600 credit, which prior to interrupting service was the very amount with which Sprint claimed we owed.

4

The lack of certainty, service interruptions, inability of vendors, customers, and clients to reliably contact us has caused plaintiff(s) business model to fail altogether. Moreover, it has cost us over $75,000 in commissions, failure to perform penalties, lawyer fees, lost revenue and ultimately the dissolution of plaintiff(s) business.

We demand a complete restoration of service with the telephone numbers we migrated to Sprint, compensatory damages in the amount of $75,000, punitive damages in the amount of $225,000, and attorney fees.

## ARGUMENT

Both Delaware and Federal law recognizes common law causes of actions for damages based on theories of breach of contract, fraud, and fraudulent misrepresentation.

"When the conversion occurs, the injured party should receive full compensation for actual losses. Special damages may be recovered in an action for conversion for any injury proximately resulting from the conversion.

"A material breach [of contract] is any failure to perform that permits the other party to the contract to either compel performance, or collect damages because of the breach. Typically, the judicial remedy for breach of contract is monetary damages. Where the failure to perform cannot be adequately redressed by money damage, the court may enter an equity decree awarding an injunction or specific performance.

In determining whether a failure to render or to offer performance is material, the following circumstances are significant: (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected; (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived; (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture; (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances; (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.
(see American Law Institute, Restatement (Second) of Contracts § 241 (1981)"

As the Court well knows, fraudulent misrepresentation is one of the three recognized variations of misrepresentation in contract law. Basically, it means that the defendant not only lied or misrepresented something about a transaction, but that he did it on purpose, in order to trick plaintiff. Therefore, it is the most serious of all the types of misrepresentation and has the worst penalties under Delaware law.

1. Someone must makes a false representation.

2. The misrepresentation is "material to the transaction,"

   which means it must be in regards to the transaction at hand.

3. The misrepresentation is made with knowledge that is false, OR

with reckless disregard as to whether or not it is true.

4. The misrepresentation is made with the intention of inducing

the other party to act or to refrain from acting.

5. The other party has to rely on the lie (in this case,

defendant's position is take his word or else. T

6. The lie must also proximately cause the other party to suffer

damages. This means the buyer must be actually harmed by the

final transaction. Defendant knew that plaintiff(s) relied on uninterrupted and,

thereby, reliable cellular service to develop business, maintain communication with

clients, customers, vendors and creditors. Failing to provide such service by extorting

plaintiff(s) billing period *ad naseum* finally caused plaintiff(s)' business to fail, and

enormous financial losses as a direct consequence. The general remedy in civil court

for all types of misrepresentations is that of rescission. This means the court

should act like the transaction or contract never existed, and everyone goes back to the

way they were, which means at the least Sprint ought to release telephone numbers

migrated to the company.

In conclusion, the Court ought to order rescission at the very least for malicious breach of contract, fraud and fraudulent misrepresentation.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION:** Breach of Contract

**SECOND CAUSE OF ACTION:** Fraud

**THIRD CAUSE OF ACTION:** Fraudulent misrepresentation
Punitive damages for the intentional Infliction of emotional distress.

Plaintiff(s) demand(s) a trial by
(Court)

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff(s) request(s) that this Court grant the following relief:
a complete restoration of service with the telephone numbers – i.e., (347) 251-6140, (302) 740-0536 plaintiff(s) migrated to Sprint, compensatory damages in the amount of $75,000, punitive damages in the amount of $225,000, and attorney fees.

I declare under penalty of perjury that the foregoing is true and correct except for those representations made as to information and belief, but as to those, believes them to be correct.

DATED:

/s/ Dennis Shipman
Dennis Shipman
58 Grove Street 2nd Floor
Newburgh, New York
125504128

8



UNITED STATES DISTRICT COURT
CLERK OF COURT: PETER T. DALLEO
844 N KING ST
WILMINGTON DE 19801-3570